**Eric W. RUND, Plaintiff—Appellant,**

v.

**CHARTER COMMUNICATIONS, INC., Defendant—Appellee.**

No. 07–15595.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 13, 2008.

Larry L. Baumbach, Esquire, Law Offices of Larry L. Baumbach, Chico, CA, for Plaintiff–Appellant.

Gregory C. Cheng, Esquire, Litigation Counsel, Howard L. Magee, Esquire, Ogletree Deakins Nash Smoak & Stewart, San Francisco, CA, Brandyn E. Stedfield, Esquire, Los Angeles, CA, for Defendant–Appellee.

Before: SCHROEDER, D.W. NELSON, and REINHARDT, Circuit Judges.

## MEMORANDUM *

Eric Rund appeals the grant of summary judgment to his former employer, Charter Communications, Inc. ("Charter"), on his claim of employment discrimination under CAL. GOV.CODE §§ 12940(a), 12926(k)(4) (2008), and his claim of failure to engage in the interactive process under CAL. GOV.CODE § 12940(n) (2008). The district court granted Charter's motion for summary judgment on both claims.[1] We affirm.

■ With regard to Rund's first claim, in which he asserts that he was terminated based on his disability or perceived disability, we assume without deciding that Rund has established a *prima facie* case of discrimination. *Cf. Faust v. California Portland Cement Co.*, 150 Cal.App.4th 864, 886, 58 Cal.Rptr.3d 729 (Cal.Ct.App.2007). After a *prima facie* showing of discrimination, the burden shifts to the employer to provide a legitimate explanation for the challenged employment decision. *Frank v. County of L.A.*, 149 Cal.App.4th 805, 823, 57 Cal.Rptr.3d 430 (Cal.Ct.App.2007). Here, Charter explained that Rund was terminated because there were no reasonable accommodations Charter could provide that would have allowed Rund to fulfill the essential functions of his job. As Rund acknowledged in his deposition, "the essential functions of [his] position require[d] [him] to climb a ladder, kneel and squat"—activities that were explicitly proscribed by the multiple notes from his doctor that Rund submitted to Charter. Rund requested that Charter accommodate his disability by providing him with a bucket truck that would replace the need to climb ladders, and by allowing him to "crawl on his back" in place of kneeling

and squatting. However, as Charter explained to Rund, the bucket truck proposal was unreasonable. The truck could not access many of the locations that required Rund's services, and even when it could, was not an adequate substitute for climbing a ladder because the truck's arm could not reach areas to which Rund would need to climb. Even if the bucket truck were an adequate accommodation, Charter could not afford to purchase or reassign a truck to Rund's service area on a permanent basis. As for Rund's request to crawl on his back, Charter explained that this alternative to kneeling would be neither effective, nor, in many conditions, safe.

As Charter further explained, the company could not afford to maintain a full-time, light-duty position in Rund's regional office of four technicians. Rund acknowledged that during his year of light-duty work following his surgery his coworkers had to "pick up the slack" by performing job duties that he could not complete. The other technicians could not reasonably be required to perform some of Rund's functions on a permanent basis. Further, "the duty to provide reasonable accommodation for a disabled employee does not obligate the employer to convert a temporary light-duty position into a permanent one when doing so would, in effect, create a new position." *Raine v. City of Burbank*, 135 Cal.App.4th 1215, 1218, 37 Cal.Rptr.3d 899 (Cal.Ct.App.2006); *see also Watkins v. Ameripride Servs.*, 375 F.3d 821, 828 (9th Cir.2004). "FEHA does not require an employer to make any accommodation that the employer can demonstrate would impose an 'undue hardship' on the operation of its business." *Ross v. RagingWire Tele-*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court also granted Charter's motion for summary judgment with regard to other claims that Rund does not pursue on appeal.

*communications, Inc.,* 42 Cal.4th 920, 70 Cal.Rptr.3d 382, 174 P.3d 200, 213 (2008).

■ Once an employer has put forward a legitimate explanation for its decision, the burden then shifts back to the plaintiff to "produce *'substantial responsive evidence'* that [his former] employer's [explanation for his termination] was untrue or pretextual." *Martin v. Lockheed Missiles & Space Co.,* 29 Cal.App.4th 1718, 1735, 35 Cal.Rptr.2d 181 (Cal.Ct.App.1994) (emphasis added) (quoting *Univ. of S. Cal. v. Sup.Ct.* 222 Cal.App.3d 1028, 1036, 272 Cal. Rptr. 264 (Cal.Ct.App.1990)). Here, as the district court correctly held, Rund "has provided *no evidence* to support a conclusion that defendant's legitimate nondiscriminatory reasons are pretextual." *Rund v. Charter Commc'ns, Inc.,* No. 05–00502–FCD, 2007 WL 852035, at *6, 2007 U.S. Dist. LEXIS 19707, at *21–22 (N.D.Cal. Mar. 20, 2007) (emphasis added). Accordingly, the grant of summary judgment in favor of Charter on Rund's first claim was proper.

■ As for Rund's second claim that, had Charter engaged in the "interactive process," it would have discovered that Rund was never in fact disabled, we hold that this claim is beyond the scope of Rund's complaint. Rund styled this claim in his complaint as a "fail[ure] to reasonably accommodate Plaintiff's needs based on his disability." However, because Rund now claims he never had a disability, he attempts to transform his "failure to accommodate" claim into a claim that Charter failed to engage in the interactive process. Under California law "a claim of failure to accommodate is independent of a cause of action for failure to engage in an interactive dialogue." *See Gelfo v. Lockheed Martin Corp.,* 140 Cal.App.4th at 54, 43 Cal.Rptr.3d 874 (2006); *see also Nadaf–Rahrov v. Neiman Marcus Group, Inc.,* 166 Cal.App.4th 952, 964–65, 83 Cal. Rptr.3d 190 (Cal.Ct.App.2008) (citing Cal. Gov.Code §§ 12940(m), (n) (2008) respectively). Nowhere in Rund's complaint does he assert the independent cause of action he now presses on appeal. This new theory cannot be asserted at this stage in the litigation without contravening Fed.R.Civ.P. 8. *Cf. Pickern v. Pier 1 Imps. (U.S.), Inc.,* 457 F.3d 963, 968 (9th Cir. 2006) ("Rule 8's liberal notice pleading standard ... requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' ").

We also note that, were we to reach this claim on the merits, we would affirm the district court. There is no dispute that Charter engaged in the interactive process: Rund had multiple conversations with his supervisor and Charter's director of Human Resources discussing potential accommodations and exchanged correspondence to the same effect. His sole argument on appeal is that Charter failed in the interactive process because it failed to discover that he was in fact not disabled. There is no basis in the record for this contention. It ignores the fact that Rund at *no point* suggested that the multiple notes his doctor submitted were inaccurate. To the contrary, Rund accepted a year of light-duty modified work and requested long-term accommodations for a disability that he now claims Charter should have discovered did not exist. If there is any party who failed to engage in the interactive process in good faith, it is Rund, and for that reason summary judgment on this claim in favor of Charter was both appropriate and required.

Accordingly, the district court's grant of summary judgment is

**AFFIRMED.**